IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALSIP ACQUISITION, LLC, et al.,[1] | ) | Case No. 14-12596 (KJC) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**MOTION TO SHORTEN NOTICE AND REQUEST FOR
HEARING WITH RESPECT TO DEBTORS' MOTION FOR ORDERS (A)
ESTABLISHING BIDDING PROCEDURES IN CONNECTION WITH SALE OF
CERTAIN REAL ESTATE AND EQUIPMENT OF THE DEBTORS; (B) APPROVING
THE FORM AND MANNER OF NOTICES; (C) SETTING A SALE HEARING; (D)
AUTHORIZING THE SALE OF THE ASSETS FREE AND CLEAR OF ALL LIENS,
CLAIMS, AND ENCUMBRANCES; AND (E) GRANTING RELATED RELIEF**

Alsip Acquisition, LLC (the "Seller" or "Alsip") and APCA, LLC ("APCA"; and together with Alsip, the "Debtors"), the above-captioned Debtors and Debtors in possession, by and through their undersigned attorneys, hereby file this motion ("Motion to Shorten") for an order pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form of the proposed order attached as **Exhibit A** hereto, scheduling a hearing and shortening the notice period with respect to the *Debtors' Motion for Orders (A) Establishing Bidding Procedures in Connection with Sale of Certain Real Estate and Equipment of the Debtors; (B) Approving the Form and Manner of Notices; (C) Setting a Sale Hearing; (D) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, and Encumbrances; and (E) Granting Related Relief* (the "Motion").[2] In support of this Motion to Shorten, Oceanside respectfully states as follows:

---

[1] The Debtors in these proceedings and the last four digits of each Debtor's federal taxpayer identification number are as follows: Alsip Acquisition, LLC (Tax ID No. 27-0514908), and APCA, LLC (Tax ID No. 27-1033005).

[2] Capitalized terms not otherwise defined in this Motion to Shorten shall have the meaning given in the Motion.

**Relief Requested**

1.  The Debtors request that the Court (a) schedule a hearing (the "Hearing") to consider the Motion on or before December 4, 2014 as it relates to the Debtors' request for approval of the Bidding Procedures in connection with the Sale of certain real estate and equipment of the Debtors (the "Assets"), as described in the Motion, and (b) shorten the period for notice of the hearing on the Motion, with objections, if any, to be made at 12:00 p.m. (Eastern time), the day before the Hearing. The Debtors assert that the proposed Sale is in the best interests of the Debtors' estates given that such Sale will benefit the creditors of the estate and present the possibility that the Debtors' facilities may be reopened by the purchaser. However, given (a) the extensive prepetition marketing process by the Debtors' investment banker, Sanabe & Associates ("Sanabe"), (b) that the proposed budget for the DIP Facility only runs through December 24, 2014; and (c) termination or expiration of the DIP Facility allows the Buyer to terminate the APA, the Debtors submit that it is important to move forward with the proposed Sale as expeditiously as possible.

**Basis for Relief**

2.  Local Rule 9006-1(c)(i) provides that "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least eighteen (18) days if service is by instant delivery; nineteen (19) days if service is by overnight delivery); (twenty-one (21) days if service is by first class mail; prior to the hearing date." Del. Bankr. LR 9006-1(c)(i). Local Rule 9006-1(e) provides in pertinent part that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion specifying the exigencies justifying shortened notice." Del. Bankr. LR 9006-1(e). Local Rule 6004-1(c) provides that "[t]he Court will only schedule a hearing to consider approval of bidding

and sale procedures in accordance with the notice procedures set forth in Del. Bankr. L.R. 9006-1, unless the requesting party files a motion to shorten notice which may be heard at the first hearing in the case and presents evidence at that hearing of compelling circumstances."

3. Compelling circumstances exist here. Along with various other pleadings, the Debtors filed the Motion seeking approval of the Bidding Procedures, along with approval of the Sale of the Assets, on November 20, 2014. The Debtors require certain postpetition financing to maintain liquidity during the bankruptcy. Although the Debtors have been able to secure necessary debtor-in-possession financing (the "DIP Loan"), it is only for a limited amount and limited period of time.

4. The proposed Sale and underlying DIP Facility set forth certain sale milestones including approval of the Bidding Procedures on or before 15 days after the Petition Date (i.e., December 5, 2014). It is in the best interest of the Debtors and their stakeholders to expedite the sales process in these chapter 11 cases. All parties recognize that it is important to move the sale process forward as expeditiously as possible given that the facilities have been idle since September. In addition, as noted in the Motion, the prepetition marketing and sale process has been underway for many months prior to the filing, through the Debtors' investment banker, Sanabe. That process will continue postpetition. Moreover, the proposed budget for the DIP Facility only runs through December 24, 2014, and termination or expiration of the DIP Facility allows the Buyer to terminate the APA. For all these reasons, the Debtors request that the Court schedule the hearing on the Bidding Procedures on or before December 4, 2014. A failure to schedule the hearing in such a manner will jeopardize the Debtors' ability to meet the various milestones under the DIP Facility, will risk termination of the APA, and as a result the Debtors will not be able to maximize and preserve value for the benefit of creditors and parties in interest.

DOCS_DE:196276.1 02980/001

5.  The Debtors will serve the Motion, which contains the Bidding Procedures and related sale deadlines, subject to approval by this Court, on the following parties, or their counsel, if known: (a) Wells Fargo Bank, National Association as the Debtors' secured lender; (b) the United States Trustee for the District of Delaware; (c) the Office of the Attorney General for the State of Illinois; (d) the Department of Revenue for the State of Illinois and the Internal Revenue Service; (e) the Debtors' secured creditors and lessors that have filed financing statements; (f) the Debtors' twenty-five (25) largest unsecured creditors; (g) the Stalking Horse Bidder; (h) the Unions; (i) all entities known to have expressed an interest in bidding on the Assets; and (j) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure. Thus, all parties in interest have notice of the proposed hearing on the Motion and the proposed Bidding Procedures and sale deadlines.

6.  If the Court grants this Motion to Shorten and enters an order fixing a hearing date and shortening the time to object or respond to the Bidding Procedures, the Debtors will immediately serve a copy of such order, and a notice of hearing for the Motion, on the same parties who were served with the Motion by facsimile, electronic mail, hand delivery, overnight mail, or express mail.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A** (a) scheduling a hearing on the Motion on or before December 4, 2014; (b) shortening the period for notice of the hearing on the Motion, with objections, if any, to be made by 12:00 p.m. (Eastern time) the day before the Hearing.

Dated: November 20, 2014

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (Bar No. 2436)
Colin R. Robinson (Bar No. 5524)
Peter J. Keane (Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
       crobinson@pszjlaw.com
       pkeane@pszjlaw.com

-and-

Richard E. Mikels (BBO No. 345620)
Kevin J. Walsh (BBO No. 629984)
Charles W. Azano (BBO No. 655775)
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo P.C.
One Financial Center
Boston, Massachusetts 02111
Telephone: (617) 542-6000
Facsimile: (617) 542-2241
E-mail: rmikels@mintz.com
       kwalsh@mintz.com
       cazano@mintz.com

[Proposed] Counsel for Debtors and Debtors in Possession